```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
```
LINDA M. FREEDMAN AND STANLEY
SPERBER,

                        Plaintiffs,

        -against-

MICHAEL F. RAKOSI, SUSAN RAKOSI
ROSENBLOOM, AS ATTORNEY-IN-FACT FOR
STANLEY ROSENBLOOM, and WEBER
REALTY MANAGEMENT LLC,

                        Defendants.
```
```
MICHAEL F. RAKOSI,

                        Plaintiff,

        -against-

LINDA M. FREEDMAN, STANLEY SPERBER,
HILLEL ABRAMS, and RACHEL
RABINOVITCH,

                        Defendants,

STANLEY ROSENBLOOM and SUSAN RAKOSI
ROSENBLOOM as attorney-in-fact for Stanley
Rosenbloom,

                        Nominal Defendants.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _10/2/2023_

23 Civ. 472 (AT)

23 Civ. 8410 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On January 19, 2023, Linda M. Freedman and Stanley Sperber brought an action against Michael F. Rakosi, Susan Rakosi Rosenbloom, as attorney-in-fact for Stanley Rosenbloom, and Weber Realty Management LLC, in the matter captioned *Freedman v. Rakosi*, 23 Civ. 472. Freedman Compl., 23 Civ. 472, ECF No. 1. Freedman and Sperber brought the action invoking subject matter jurisdiction by reason of diversity of citizenship under 23 U.S.C. § 1332. *See id.* ¶ 2. On September 22, 2023, Rakosi brought a separate action against Freedman, Sperber, Hillel Abrams, and Rachel Rabinovitch, in the matter captioned *Rakosi v. Freedman*, 23 Civ. 8410. Rakosi Compl., 23 Civ. 8410, ECF No. 1. On September 29, 2023, *Rakosi v. Freedman*, 23 Civ. 8410, was reassigned to the undersigned. 23 Civ. 8410, Dkt. Entries 9/29/2023. Rakosi brought that action invoking subject matter jurisdiction by reason of diversity of citizenship under § 1332. *See* Rakosi Compl. ¶ 18.

An individual who is legally an American citizen but who is domiciled abroad is considered "stateless" for purposes of diversity jurisdiction; in such a circumstance, § 1332 cannot be satisfied, and diversity jurisdiction is not present. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828–29 (1989) (If a person is "a United States citizen, [but] has no domicile in any State[,] . . . [his] 'stateless' status destroy[s] complete diversity."). Subject matter jurisdiction is not waivable, and a lack of subject matter jurisdiction may be raised at any time, by a party or a court *sua sponte*. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

The Court has been advised that Sperber may be a citizen of the United States. Sperber is domiciled in Israel. *See* Freedman Compl. ¶ 4; Rakosi Compl. ¶ 12. If Sperber is a United States citizen domiciled in Israel, he is stateless for the purposes of § 1332. *Newman-Green*, 490 U.S. at 828–29. The Court, therefore, would lack subject matter jurisdiction over both actions.

Accordingly, by **October 10, 2023**, Plaintiffs in both actions shall file letters advising the Court whether Sperber is a United States citizen, and if so, why these matters should not be dismissed for lack of subject matter jurisdiction. If Plaintiffs fail to file a letter by the deadline, the cases will be dismissed for lack of subject matter jurisdiction.

SO ORDERED.

Dated: October 2, 2023
New York, New York

_____
ANALISA TORRES
United States District Judge