```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
LINDA M. FREEDMAN AND STANLEY
SPERBER,

                        Plaintiffs,

            -against-

MICHAEL F. RAKOSI, SUSAN RAKOSI
ROSENBLOOM, AS ATTORNEY-IN-FACT
FOR STANLEY ROSENBLOOM, and WEBER
REALTY MANAGEMENT LLC,

                        Defendants.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/10/2025

23 Civ. 472 (AT) (SDA)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

ANALISA TORRES, District Judge:

Plaintiffs, Linda M. Freedman and Stanley Sperber, brought this action against Defendants, Michael F. Rakosi, Susan Rakosi Rosenbloom, as attorney-in-fact for Stanley Rosenbloom, and Weber Realty Management LLC, seeking, *inter alia*, rescission of four partnership agreements. *See generally* Am. Compl., ECF No. 3. After Plaintiffs voluntarily dismissed this action without prejudice, ECF No. 114, Defendants each moved for an award of attorney's fees and costs, ECF Nos. 121–122, 125. Pursuant to an order of reference, ECF No. 132, the Honorable Stewart D. Aaron issued a report (the "R&R") recommending that the motions be denied, *see* R&R at 9, ECF No. 135. Before the Court are Rakosi's objections to the R&R. *See* Objs., ECF No. 140; *see also* Resp., ECF No. 141. For the reasons stated below, the Court overrules Rakosi's objections and adopts the R&R in full.

## BACKGROUND[1]

Plaintiffs brought this action under the Court's diversity jurisdiction, alleging in their pleadings and representing in a letter to the Court that "[t]here is complete diversity of citizenship[] between Plaintiffs, [Freedman and Sperber,] who are citizens of California and Israel, respectively, and Defendants, who reside in New York and New Jersey." ECF No. 33; *see* Am. Compl. ¶¶ 2–8; ECF No. 1 ¶¶ 2–8.

On October 2, 2023, this Court, having been advised that Sperber may be a United States citizen, ordered Plaintiffs to confirm Sperber's citizenship. ECF No. 108 at 2. The Court explained that, if Sperber is a U.S. citizen domiciled in Israel, he would be stateless for the purposes of diversity jurisdiction under 28 U.S.C. § 1332 and the Court would, therefore, lack subject matter jurisdiction over the action. *Id*. On October 10, Plaintiffs filed a letter stating that, following the Court's October 2 order, they learned that Sperber "has dual citizenship in the United States and Israel, and resides in Israel." ECF No. 112 at 1. That same day, Plaintiffs dismissed this action without prejudice. ECF No. 114. Plaintiffs then filed an action in New York state court against Defendants, asserting claims similar to the ones in this action. *See generally* ECF No. 123-1.

Following dismissal of this action, Defendants each moved for an award of attorney's fees and costs against Plaintiffs under Federal Rules of Civil Procedure 11 and 41(d), 28 U.S.C. § 1927, and the Court's inherent power to impose sanctions, arguing, *inter alia*, that Plaintiffs acted in bad faith by misstating the basis for subject matter jurisdiction. *See generally* ECF Nos. 121–122, 125.

---

[1] The Court presumes familiarity with the facts and procedural history of this action as detailed in the R&R, *see* R&R at 1–3, and recites only those facts and procedural details relevant to this order.

The R&R recommends that Defendants' motions for attorney's fees and costs be denied. R&R at 9. Judge Aaron first addressed Rule 11, concluding that because "none of the Defendants served [the] Rule 11 motions [on Plaintiffs] 21 days before filing them," as required by Rule 11(c)(2), and Plaintiffs voluntarily dismissed the action on the same day that they informed Defendants of the Court's lack of subject matter jurisdiction, sanctions cannot be imposed under Rule 11. *Id.* at 5; *see* Fed. R. Civ. P. 11(c)(2) (stating that "[a] motion for sanctions must . . . not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service").

Judge Aaron then discussed 28 U.S.C. § 1927 and the Court's inherent power to impose sanctions. Pursuant to § 1927, "[a]ny attorney . . . admitted to conduct cases . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Alternatively, using its inherent power, a court may "sanction those who deviate from the standards of good faith." *See Metro. Opera Ass'n, Inc. v. Local 100, Hotel Emps. and Rest. Emps. Int'l Union*, 212 F.R.D. 178, 231 (S.D.N.Y. 2003). To impose sanctions under either § 1927 or the Court's inherent power, the Court must first make a finding of bad faith. *See id.* at 220. In light of this, Judge Aaron recommended that the Court not impose sanctions under § 1927 or its inherent power because "[t]here is nothing in the record to suggest that Plaintiffs [or] their counsel were acting in bad faith with respect to" Sperber's citizenship. R&R at 8.

Lastly, Judge Aaron turned to Rule 41(d), which provides that, "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim

3

against the same defendant, the court . . . may order the plaintiff to pay all or part of the costs of that previous action." Fed. R. Civ. P. 41(d)(1). Citing *Delvalle v. Cedric Kushner Promotions, Ltd.*, No. 00 Civ. 5688, 2000 WL 1915808 (S.D.N.Y. Jan. 9, 2000), Judge Aaron recommended that the Court not award attorney's fees and costs under Rule 41(d). R&R at 9. In *Delvalle*, the Honorable Jed S. Rakoff held that, under the plain meaning of Rule 41(d), "only the court before which the new action is filed is given power under the rule to award the costs of the dismissed action." 2000 WL 1915808, at *1. Judge Aaron reasoned that, under *Delvalle*, because Plaintiffs filed their new action in state court, this Court lacks authority to award attorney's fees and costs pursuant to Rule 41(d). R&R at 8–9.

## DISCUSSION

I.    <u>Legal Standard</u>

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3). The Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted).

When a party makes specific objections, the Court reviews *de novo* those portions of the R&R to which objection is made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, when a party "makes only conclusory or general objections, or simply reiterates [its] original arguments," the Court reviews the R&R "strictly for clear error." *Harris v. TD Ameritrade Inc.*, 338 F. Supp. 3d 170, 174 (S.D.N.Y. 2018), *aff'd*, 837 F. App'x 841 (2d Cir. 2021) (summary order); *see also Bailey v. U.S. Citizenship & Immigr. Servs.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular

findings . . . do not trigger *de novo* review."); *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) ("[W]here objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [motion], reviewing courts should review a report and recommendation for clear error." (citation omitted)). An R&R is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted); *see also Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009).

II.     Rakosi's Objections

Rakosi raises four objections to the R&R. The Court addresses each in turn.

*First*, Rakosi argues that the R&R does not address his argument that Plaintiffs' notice of voluntary dismissal is invalid and should be vacated. Objs. at 9. Plaintiffs filed their notice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), under which a "plaintiff may dismiss an action without a court order . . . before the opposing party serves either an answer or a motion for summary judgment." In support of his argument, Rakosi relies on *Harvey Aluminum, Inc. v. American Cyanamid Co.*, in which the Second Circuit vacated a notice of voluntary dismissal when, prior to the notice, the plaintiffs had filed a motion for a preliminary injunction, and the Court held several days of argument on the motion and issued its decision on the motion. 203 F.2d 105, 107–08 (2d Cir. 1953); Objs. at 9. In vacating the notice, the Second Circuit reasoned that "although the voluntary dismissal was attempted before any paper labeled 'answer' or 'motion for summary judgment' was filed, a literal application of Rule 41(a)(1) to the [case] would not be in accord with [the rule's] essential purpose of preventing arbitrary dismissals after an advanced stage of a suit has been reached." *Harvey Aluminum*, 203 F.2d at 108.

Rakosi contends that, having "put the merits of [their] claims before the Court[ by] demanding ultimate relief through a preliminary injunction application," Plaintiffs "cannot be permitted to simply voluntarily dismiss the action after causing [D]efendants to engage in substantial litigation of the claims." Objs. at 9.  This case, however, is distinguishable from *Harvey Aluminum*.  Although Plaintiffs did move for a preliminary injunction before filing their notice of voluntary dismissal, *see* ECF No. 81, by the time they filed the notice, the Court had neither heard argument on the motion nor issued a decision on it.  Additionally, there is no indication that Plaintiffs' notice of voluntary dismissal was "arbitrary" and would thus frustrate the purpose of Rule 41(a)(1), *see Harvey Aluminum*, 203 F.2d at 108.  To the contrary, and as discussed below, the record reflects that Plaintiffs filed the notice upon learning that the Court lacked subject matter jurisdiction over this action.  *See* ECF No. 112 (Plaintiffs' October 10 letter stating that they would file a notice of voluntary dismissal after learning that Sperber is a U.S. citizen residing in Israel); ECF No. 114 (Plaintiffs' October 10 notice of voluntary dismissal).  Accordingly, the Court denies Rakosi's request to vacate the notice of voluntary dismissal.

*Second*, Rakosi objects to the R&R's conclusion that Defendants have not shown that Plaintiffs acted in bad faith, as necessary for the Court to impose sanctions under § 1927 and its inherent power.  Objs. at 10–12.  Rakosi argues that Plaintiffs' failure to conduct a reasonable and competent inquiry into the existence of diversity jurisdiction was "so completely without merit as to require the conclusion that [their actions] must have been undertaken for some improper purpose."  *See id*. at 11 (quoting *Neshewat v. Salem*, 365 F. Supp. 2d 508, 528 (S.D.N.Y. 2005)).  Because Rakosi raised this argument before Judge Aaron, *see* ECF No. 121 at

6

16–18, the Court reviews the relevant portion of the R&R for clear error. *See Harris*, 338 F. Supp. 3d at 174.

The Court finds no clear error in Judge Aaron's conclusion that Plaintiffs and their counsel did not act in bad faith. *See* R&R at 7. Although Rakosi is correct that bad faith is shown when an "attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose," *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986), the record does not support such a finding here. In the context of diversity jurisdiction, courts in this District have found bad faith when a party or an attorney deliberately avoids any mention of a party's citizenship in order to fabricate jurisdiction. *See Weinraub v. Glen Rauch Sec., Inc.*, 419 F. Supp. 2d 507, 518 (S.D.N.Y. 2005); *Route Messenger Servs., Inc. v. Holt-Dow, Inc.*, 139 F.R.D. 311, 312 (S.D.N.Y. 1991). By contrast, Plaintiffs and their counsel here represent that they learned about Sperber's U.S. citizenship only after the Court's October 2 order and dismissed this action immediately thereafter. ECF Nos. 112, 114. Plaintiffs and their counsel may have been negligent in their inquiry into Sperber's citizenship, but mere negligence is insufficient for the Court to impose sanctions under § 1927 or its inherent power. *See Metro. Opera*, 212 F.R.D. at 220. Accordingly, Rakosi's objection is overruled.

*Third*, Rakosi objects to the R&R's conclusion that Rule 41(d) does not apply to this case. Objs. at 12–14. As stated above, Rule 41(d) provides that "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court . . . may order the plaintiff to pay all or part of the costs of that previous action." Fed. R. Civ. P. 41(d)(1). Rakosi argues that, because the rule "expressly provides that the previous action may have taken place 'in any court,'" the Court may order an

7

award of attorney's fees and costs here even though Plaintiffs filed their new action in state court. Objs. at 13. The Court disagrees.

As the R&R explains, in *Delvalle*, Judge Rakoff held that "a close reading of Rule 41(d) makes plain that only the court before which the new action is filed is given power under the rule to award the costs of the dismissed action." 2000 WL 1915808, at *1. This conclusion follows from the rule's "state[ment] that the court that may award costs may also stay the second action, a power that would ordinarily belong only to the court before which the second action was pending." *Id.*; *see* Fed. R. Civ. P. 41(d)(2). Further, Judge Rakoff explained that this reading of Rule 41(d) is consonant with the rule's purpose of "prevent[ing] forum-shopping within the federal court system." *Delvalle*, 2000 WL 1915808, at *1. The Court finds no basis to depart from Judge Rakoff's reasoning in *Delvalle*. Accordingly, Rakosi's objection is overruled.

*Fourth*, Rakosi objects to the R&R's conclusion that sanctions cannot be imposed under Rule 11, arguing that his request for attorney's fees and costs was not a motion for sanctions under Rule 11 and thus did not need to be served on Plaintiffs twenty-one days before its filing. Objs. at 14–15. Rather, Rakosi contends that his request for attorney's fees and costs was "embodied in briefing authorized and directed by this Court *sua sponte* in response to letters concerning [P]laintiffs' misstatements." *Id*.

Rakosi mischaracterizes his motion for sanctions and the Court's order requesting briefing by the parties. On October 17, 2023, after Plaintiffs filed their notice of voluntary dismissal, Rakosi filed a letter arguing that the notice "appear[ed] to be an attempt by [P]laintiffs and their counsel to prevent the Court from considering whether fees should be awarded based on the action's required dismissal." ECF No. 116 at 1. In response to Rakosi's letter, the Court directed the parties to submit briefing on the legal basis for Rakosi's requested award of

attorney's fees and costs. ECF No. 117 at 2. Rakosi then submitted a memorandum of law in support of his request, arguing that, under "Rule 11[,] . . . sanctions in the form of [attorney's] fees and costs [are] appropriate." ECF No. 121 at 10; *see also id*. at 8–14. Accordingly, the Court construes Rakosi's request as a motion for sanctions under Rule 11. Rakosi does not dispute that he did not serve his motion on Plaintiffs twenty-one days before filing it. Sanctions under Rule 11 are, therefore, not available. *See Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1327–29 (2d Cir. 1995) (rejecting Rule 11 sanctions when nonmovant was not served twenty-one days before the filing of the motion). Rakosi's objection is thus overruled.

The Court has considered all of Rakosi's objections. To the extent any are not expressly discussed herein, the Court has found that they are conclusory or otherwise an effort "to engage the district court in a rehashing of the same arguments set forth in the original [motion]." *Edwards*, 414 F. Supp. 2d at 346–47. The Court has reviewed those objections, as well as any portions of the R&R to which Defendants do not object, for clear error and finds none.

## CONCLUSION

For the foregoing reasons, the Court OVERRULES Rakosi's objections to the R&R and ADOPTS the R&R in full. Defendants' motions for an award of attorney's fees and costs, ECF Nos. 121–122, 125, are DENIED.

SO ORDERED.

Dated: April 10, 2025
  New York, New York

ANALISA TORRES
United States District Judge